# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                                       :
In re SemCrude, L.P., et al.,                          :   Chapter 11
                                                       :
                                                       :   Case No. 08-11525 (BLS)
                           Debtors.                    :
                                                       :   Jointly Administered
-------------------------------------------------------x
                                                       :
J. ARON & COMPANY,                                     :
                                                       :   Adv. Pro. No. 09-50038 (BLS)
                           Plaintiff,                  :
    v.                                                 :
                                                       :
SEMGROUP, L.P., et al.,                                :
                                                       :
                           Defendants.                 :
-------------------------------------------------------x
```

## MOTION BY J. ARON & COMPANY TO STRIKE AND FOR LEAVE TO FILE SUR-REPLY

J. Aron & Company ("J. Aron") hereby moves to strike certain portions of the Debtors' Reply in Support of Motion in Aid of Confirmation of Plan (the "Reply") [D.I. 5922], the Joinder of Official Committee of Unsecured Creditors of SemGroup, L.P. (the "Creditors Committee Joinder") [D.I. 5923], and the Joinder by the Official Producers' Committee (the "OPC Joinder") [D.I. 5925], and moves for leave to file a sur-reply in further opposition to the Debtors' Motion in Aid of Confirmation of Plan (the "Motion In Aid") [D.I. 5656]. In particular, J. Aron moves to strike the following: (1) those portions of the Reply that raise new arguments in contravention of Local Rule 7007-2(b)(ii); (2) the incorporation by reference in the Creditors Committee Joinder of the Creditors Committee's Motion for an Order Estimating J. Aron's

{00339124;v1}

Contingent and Unliquidated Claims (the "Estimation Motion") [D.I. 5917]; and (3) those portions of the Reply and the OPC Joinder that impermissibly refer to the mediation held on September 13, 2009, to which J. Aron was not a party. Simply put, the Debtors have engaged in litigation by ambush, depriving J. Aron of the opportunity to respond to the Debtors' raft of new arguments, a strategy that is entirely consistent with their purported settlement of J. Aron's Tender Adversary in a mediation to which J. Aron was not a party and was not even invited. As much as the Debtors may wish to implement their settlement on the backs of J. Aron and others, they cannot do so by trampling on J. Aron's procedural and substantive rights.

## I. The Court Should Strike the Impermissible Portions of the Reply and Joinders

### A. Under Local Rule 7007-2(b)(ii), Arguments First Raised in the Reply Should Be Stricken

In clear violation of Local Rule 7007-2(b)(ii), the Reply improperly raises, for the first time, a bevy of new arguments that were not advanced in the Motion In Aid. Pursuant to that Rule, the Court should strike these new arguments. See Del. Bankr. L. R. 7007-2(b)(ii) ("The party filing the opening brief shall not reserve material for the reply brief that should have been included in a full and fair opening brief."). Although the Debtors contemplated filing the Motion In Aid for several months,[1] the legal arguments in the moving papers filed on September 15, 2009, are noticeably devoid of legal authority, merely making cursory references to Sections 105(a), 542(b), 1129, and 1142(a) of the Bankruptcy Code to justify this extraordinary relief. In its opposition to the Motion In Aid [D.I. 5748], J. Aron demonstrated not only that the explicit terms of the Tender Order disallow the relief sought by the Debtors, but also that the provisions of the Bankruptcy Code referenced by the Debtors do not avail them.

---

[1] See July 20, 2009 Hr'g Tr. at 69-70 (in which the Debtors notified the Court that they "intend at the confirmation hearing to ask [the Court] to lift the restrictions in the [Tender Orders] pursuant to which J. Aron and BP paid funds in").

2

Despite the prohibition on raising arguments for the first time on reply, and despite having every opportunity to raise their arguments in the first instance, the Debtors have sandbagged J. Aron. Tellingly, the Debtors do not once make reference in their Reply to the provisions of the Bankruptcy Code upon which they relied in the Motion In Aid. Instead, the Debtors make new arguments including that contingent claims cannot be setoff against matured debts, see Reply at 7-12 [D.I. 5922], that the relevant documents do not provide for the recovery of attorneys' fees or for indemnification with respect to the Downstream Litigation, see id. at 12-14, and that Section 502(e)(1)(B) of the Bankruptcy Code provides this Court a basis for disallowing claims for reimbursement or contribution. See id. at 14-15. Local Rule 7007-2(b)(ii) prohibits precisely this type of procedural gimmickry and thus guarantees litigants a full and fair opportunity to address the merits of any legal arguments raised by their adversaries. Consistent with this objective, the Court should strike all arguments raised for the first time in the Reply. See In re Insilco Techs., Inc., 394 B.R. 747, 748 n.2 (D. Del. 2008) (disregarding arguments that were raised for the first time in the reply brief); In re Student Fin. Corp., No. Civ.A. 03-507, 2004 WL 609329, *3 n.4 (D. Del. Mar. 23, 2004) (finding that movant's violation of an identical rule "amounts to impermissible sandbagging" and rejecting new arguments without discussion of the merits); Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc., No. Civ.A. 00-589, 2002 WL 531555, *3 (D. Del. Mar. 26, 2002) (declining to address new arguments that were reserved for the reply brief).

### B. Incorporation of the Estimation Motion in the Creditors Committee Joinder Is Improper

The Creditors Committee improperly attempts to put before the Court the arguments raised in its Estimation Motion filed on October 2, 2009, by incorporating these arguments by reference into its joinder. This attempt to inject issues regarding estimation into an

3

expedited hearing on a separate and distinct matter not only impermissibly truncates the notice period guaranteed to J. Aron under the Rules, but it also plainly contradicts the Committee's own prior statements to the Court. On September 24, 2009, the Creditors Committee assured the Court: "I think that one of the things that the Creditors' Committee is going to consider is whether or not [to file] a motion to estimate . . . . And obviously we'll give people a fair notice of it. It will not be on an expedited basis. It's likely to be returnable at confirmation . . . ." Sept. 24, 2009 Hr'g Tr. at 240-41. J. Aron asks the Court to hold the Creditors Committee to its word and thus strike that portion of the Creditors Committee Joinder that incorporates and purports to rely on such arguments. J. Aron will respond in due course to the Estimation Motion, but should not be required to do so in response to the Motion In Aid.

C. **References to the Agreement Reached Between the Debtors, the Producers, and Others Are Improper and Should Be Stricken**

All references in the Reply and the OPC Joinder to the mediation efforts and the agreement reached by the Debtors, the Producers and others are not only irrelevant but also improper. See, e.g., Reply at 20-21 [D.I. 5922]; OPC Joinder at 3 [D.I. 5925]. The Debtors purport to have settled J. Aron's Tender Adversary to its extreme detriment without giving it the opportunity to participate in any settlement discussions. The mediation this Court ordered which was held on September 13, 2009, could not resolve the claims at issue in the Tender Adversary, and any suggestion by the Debtors or others to the contrary would clearly run afoul of Bankruptcy Rule 9003, which provides that "any party in interest, and any attorney, accountant, or employee of a party in interest shall refrain from ex parte meetings and communications with the court concerning matters affecting a particular case or proceeding." Fed. R. Bankr. P. 9003(a). No matter how "tirelessly" the Debtors and others may have worked, the fact remains that any claimed "settlement" of the Tender Adversary without the participation of the plaintiff is

4

unlawful and based on the fantasy that debtors in a Chapter 11 case may do whatever they wish, provided they cloak it in the garb of being in aid of confirmation. We respectfully submit that the Debtors cannot deprive J. Aron of the right to be heard on the significant issues raised in its Tender Adversary, and use its imaginary resolution as a basis for funding a settlement on J. Aron's back with other parties.

## II. The Court Should Permit J. Aron to File a Sur-Reply in Opposition to the Motion

In the event the Court does not strike the improper arguments in the Debtor's Reply, J. Aron should be granted leave to file a sur-reply, which is attached hereto as Exhibit A. This Court has on many occasions noted the value of reply briefs, see e.g., June 2, 2009 Hr'g Tr. at 3 ("[T]he replies that are submitted by parties are often the most valuable pleading in the bunch."), and has specifically observed that such briefing "ties together the various issues" before the Court, Sept. 24, 2009 Hr'g Tr. at 222-23. However, because the Debtors here have impermissibly introduced new legal issues into the Reply as described above, the Court has before it on the Motion In Aid only the movants' views with respect to these newly-injected issues. In order to remedy the inequities imposed by the Debtors' improper strategy, to afford the Court full and fair briefing on all issues, and to provide for more efficient oral argument, J. Aron requests leave to file the sur-reply accompanying this motion in further opposition to the Motion In Aid. See In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Sec. Litig., 848 F. Supp. 527, 566 n.28 (D. Del. 1994) (permitting a sur-reply brief to afford litigant a proper opportunity to respond to new arguments raised for the first time in reply).

Dated: October 7, 2009

Respectfully submitted,

ASHBY & GEDDES, P.A.

/s/ Amanda M. Winfree
_____
Don A. Beskrone (#4380)
Amanda M. Winfree (#4615)
500 Delaware Avenue
Wilmington, DE 19899
Telephone: 302-654-1888
Fax: 302-654-2067

    -and-

Thomas J. Moloney (Admitted *Pro Hac Vice*)
Boaz S. Morag (Admitted *Pro Hac Vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Fax: 212-225-3999